IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-91-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RICARDO SANCHEZ MENDOZA, ) | |
| ) | |
| Defendant. ) | |

On July 6, 2009, Ricardo Sanchez Mendoza ("Mendoza") pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute 500 grams or more of cocaine (count one), and distribution of a quantity of cocaine (counts two, four, and five), and pleaded not guilty to possessing a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 54]. On July 16, 2009, a jury convicted Mendoza of knowingly possessing a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 64, 65, 87]. On October 22, 2009, the court held Mendoza's sentencing hearing. See [D.E. 75, 77, 88]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Mendoza's total offense level to be 28, his criminal history category to be I, and his advisory guideline range on counts one, two, four, and five to be 78 to 97 months' imprisonment. See Resentencing Report; [D.E. 88] 17. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Mendoza to 84 months' imprisonment on counts one, two, four, and five, and 60 months' imprisonment on count three, to be served consecutively. See Resentencing Report; [D.E. 88] 28.

Mendoza appealed. On November 10, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment and remanded for correction of a clerical error

concerning the judgment. See United States v. Mendoza, 401 F. App'x 739 (4th Cir. 2010) (per curiam) (unpublished). On January 26, 2011, this court entered an amended judgment. See [D.E. 92].

On November 3, 2014, Mendoza filed two pro se motions for a sentence reduction, and appointment of counsel, and two amended motions for sentence reduction and appointment of counsel. See [D.E. 93, 94, 96, 97]. On November 20, 2015, Mendoza, through counsel, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 101]. Mendoza's new advisory guideline range on counts one, two, four, and five is 63 to 78 months' imprisonment based on a total offense level of 26 and a criminal history category of I. See Resentencing Report. Mendoza requests a 68-month sentence on counts one, two, four, and five, with a remaining 60-month consecutive sentence on count three, for a total of 128 months' imprisonment. See id.; [D.E. 101].

The court has discretion under Amendment 782 to reduce Mendoza's sentence on counts one, two, four, and five. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Mendoza's sentence, the court finds that Mendoza engaged in serious criminal behavior. See PSR ¶¶ 10–13. Moreover, Mendoza has essentially no work history. See id. ¶ 27. Mendoza has taken some positive steps while incarcerated on his federal

sentence, but he has been sanctioned three times for possessing a dangerous weapon, for fighting and possessing an unauthorized item, for refusing to obey an order, for failing to work as instructed, and for two counts of being absent for an assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Mendoza received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Mendoza's sentence would threaten public safety in light of his serious criminal conduct and serious misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Mendoza's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Mendoza's motions for reduction of sentence [D.E. 93, 96, 101] and for appointment of counsel [D.E. 94, 97].

SO ORDERED. This 7 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge